| | |
|---|---|
| **TAMMY TALOR and** | ) |
| **JOHN TAYLOR, individually and as** | ) |
| **next-of-kin to the deceased, STEPHEN** | ) |
| **SULLIVAN,** | ) |
| | )    **NO. 3:22-cv-00444** |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CORECIVIC OF TENNESSEEE, LLC,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This case is **REFERRED** to the Magistrate Judge for customized case management in accordance with Local Rule 16.01 and 28 U.S.C. § 636(b)(1)(A). Lead counsel for the parties shall attend the initial case management conference.

The parties shall be prepared to engage in a discussion with the Magistrate Judge of the substantive factual and legal issues presented, either on or off the record as the Magistrate Judge determines, such that the parties and the Magistrate Judge can have a realistic discussion of the progression of this case and possible issues preventing settlement. The parties shall include a plan for resolution of the case that includes at least two independent attempts to resolve the case that must be approved by the Magistrate Judge. The first attempt shall occur within 120 days of the initial case management conference and the second attempt shall occur before the deadline for filing dispositive motions. The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.05.

This case shall be set for trial upon completion of the initial case management conference by order of the Court in accordance with the procedures of Local Rule 16.01(h).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE