# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| TAMMY TAYLOR and JOHN TAYLOR, individually, and as next-of-kin to the deceased, STEPHEN SULLIVAN, | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | Case No. 3:22-cv-00444 |
| CORECIVIC OF TENNESSEE, LLC, as owner and operator of WHITEVILLE CORRECTIONAL FACILITY, FELICIA JONES, RA'KESHA SPENCER, C.J. SWAIN, DOMINIQUE BURKS, TYLER ROBINSON, COREY MOON, GREGORY JACKSON, VINCENT VANTELL, JOB JACKSON, CURTAVIOUS NEAL, JOHN PARHAM, and JANE ERVIN, | § § § § § § § § § § § § § | Chief Judge Crenshaw Magistrate Judge[1] Holmes |
| *Defendants*. | § § § | |

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on November 10, 2022. Counsel participating were: Daniel Horwitz for Plaintiffs and Nathan Tilly for Defendants. From the parties' proposed initial case management order (Docket No. 42) and discussion during the initial

---

[1] The Court notes that, in their proposed initial case management order (Docket No. 42), the parties referred to the undersigned as "Magistrate Holmes." Since 1991, the proper title is "Magistrate Judge." If counsel wish to shorten the title, normally it is shortened to "Judge" and not "Magistrate." As an esteemed former colleague, Magistrate Judge Joe Brown admonished, "[o]ne does not refer to a Bankruptcy Judge as 'Bankruptcy', nor if one were in the military would one refer to a Lt. Colonel as 'Lieutenant.'" *Meyer v Smith & Nephew, Inc.*, No. 3:11-0402, 2012 WL 4049970, at *1 n.2 (M.D. Tenn. Sept. 13, 2012). Judge Brown was also heard to expand this reference to include that one would not refer to a Rear Admiral as "Rear." The parties must be mindful of using the correct reference in the future.

case management conference, and pursuant to Local Rule 16.01, the following case management schedule and plan is adopted.

A. **JURISDICTION:** The Court has jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal claims and pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state claims.

B. **BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFFS:**

The individual Defendants acted with deliberate indifference to the decedent's medical needs on June 16, 2021 and June 17, 2021, ultimately resulting in Mr. Sullivan's wrongful death. The individual Defendants' actions occurred as part of Defendant CoreCivic's unconstitutional policy and practices of maintaining chronically inadequate staffing levels, underinvesting in medical care, and providing deficient medical treatment to inmates at its facilities because it is cheaper to do so. Defendant CoreCivic, a medical provider, also failed to comply with the applicable standard of care in its treatment of the decedent, giving rise to liability for the decedent's wrongful death pursuant to the Tennessee Health Care Liability Act, the pre-suit and certificate requirements of which do not apply in federal court. The Plaintiffs are accordingly entitled to recover for the decedent's wrongful death and for their own loss of filial consortium.

**DEFENDANTS:**

Defendants CoreCivic of Tennessee, LLC, Curtavious Neal, Dawn Ervin, Gregory Jackson, Felicia Jones, Titus Parham, Tyler Robinson, Ra'Kesha Spencer, Vincent Vantell, Dominique Burks, C.J. Swain, and Corey Moon deny that they violated Stephen Sullivan's constitutional rights and deny that they otherwise breached any duty owed to him. At no time did Defendants ignore or disregard any requests for medical care or help from Stephen Sullivan or any requests made from anyone on Stephen Sullivan's behalf. And at no time were Defendants made aware that Stephen Sullivan was suffering from a serious medical condition prior to June 17, 2021,

2

and as soon as officers were alerted that Stephen Sullivan was suffering from a medical need, they acted swiftly to provide him medical care. At no time did Defendants act with deliberate indifference towards Stephen Sullivan's medical needs.

Defendants deny Plaintiffs' baseless assertions that CoreCivic adopted a policy, practice, and custom of understaffing its facilities. At no time did Defendants staff WCF in a manner that would have placed Stephen Sullivan at an unreasonable and/or serious risk of harm. And Defendants deny that understaffing caused or in any way contributed to Stephen Sullivan's death.

Defendants further deny Plaintiffs' baseless assertions that CoreCivic adopted policies, practices, and customs of underinvesting in medical care and/or providing deficient medical care. At all times WCF provided Stephen Sullivan access to appropriate medical care. And at all times, WCF provided Stephen Sullivan medical care as needed.

Defendants deny that Stephen Sullivan received negligent medical care, deny that Defendant CoreCivic is liable under the Tennessee Health Care Liability Act, and deny that Plaintiffs have complied with the Tennessee Health Care Liability Act in order to assert such claims.

Contrary to Plaintiffs' accusations, Defendants acted appropriately and in accordance with correctional standards and Tennessee law during Stephen Sullivan's incarceration at WCF. Accordingly, Defendants assert that they did not violate Stephen Sullivan's constitutional rights, assert that they are not guilty of any negligent acts, and assert that Plaintiffs are not entitled to any relief under any theory of law.

C. **ISSUES RESOLVED:** Jurisdiction and service of process.

**D.     ISSUES STILL IN DISPUTE:** The parties dispute venue, liability, and damages.

**E.     INITIAL DISCLOSURES:**

The parties must exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), which must include copies (not descriptions) of responsive documents, on or before **December 16, 2022.**

**F.     CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

The parties must make a **minimum of two independent, substantive** attempts to resolve this case.  By no later than **March 10, 2023**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement.  **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.**  The parties' joint reports **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations.  The parties' second attempt must be by mediation, which must be concluded by no later than **November 20, 2023**.   A report of mediation, which will constitute the second required case resolution status report, must be filed in accordance with Local Rule 16.05(b) and by no later than **December 4, 2023**. Promptly upon selection of a mediator and scheduling of mediation, and by no later than **August 31, 2023**, the parties must file a joint notice of mediation details, which confirms their selection and identity of the selected mediator and the date on which mediation is scheduled. The parties may participate in additional mediation by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion).  Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion  for a judicial settlement conference must state (i) the reasons

why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **That discovery may be ongoing or a dispositive motion may be pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

### G. DISCOVERY:

The parties must complete all written discovery and depose all fact witnesses on or before **August 24, 2023**. Written discovery and scheduling of depositions must proceed promptly. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint motion for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have requested and participated in a discovery conference. All discovery-related motions must be filed by no later than **August 24, 2023**, unless otherwise permitted by the Court. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint

statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

**H.      MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties must be filed no later than **April 21, 2023** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion.

**I.      DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

The Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **September 14, 2023**.  The Defendants shall identify and disclose all expert witnesses and expert reports on or before **November 1, 2023.**  Rebuttal experts and reports shall be permitted only by leave of court.  Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e).  Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial.  *See* Local Rule 39.01(c)(5)(C). All expert witnesses must be deposed on or before **December 15, 2023**.

**J.      NEXT CASE MANAGEMENT CONFERENCE:**

Another case management conference shall be held telephonically using the Court's conference line at 1-877-402-9753, access code 3808663# on **July 20, 2023 at 11:00 a.m. (CDT)**. By no later than **three (3) business days before the case management conference**, the parties must file a joint status report, which contains at least the following information:  (i) details of the parties' progress toward completion of fact discovery, including the status of written discovery (what written discovery is outstanding, whether any written discovery has been completed, etc.),

whether depositions have been taken or scheduled (including the number that have been taken and the number remaining to be taken, including of what particular witnesses), and whether there are any known or anticipated discovery disputes; (ii) details of the parties' attempts at resolution of the case, including whether the parties have engaged in settlement discussions and whether ADR is requested or anticipated; (iii) whether there are any known or anticipated matters that require or may require action by the Court, including a brief description of any such matters[2]; and, (iv) any other case management details or issues that the parties wish to bring to the Court's attention. Counsel are equally responsible for initiating discussion of these matters for preparation of the joint status report. The joint status report must also either (i) state that the case is on track according to the case management schedule and no further assistance from the Court is needed at the time or (ii) detail the matters needing the Court's attention or with which the parties request the Court's assistance.

### K.    DISPOSITIVE MOTIONS:

Motions to dismiss under Fed. R. Civ. P. 12 must be filed and briefed in accordance with that rule and with Local Rule 7.01.[3] All other dispositive motions must be filed by no later than **January 12, 2024** Responses to dispositive motions must be filed **within 28 days** after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed **within 14 days** after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion must first file a separate motion

---

[2] This includes not only substantive matters such as discovery disputes, but also procedural matters, such as requested modifications of case management deadlines. If modifications of case management deadlines are requested, the status report must be filed as a joint motion, rather than as a notice, and must comply with the requirements for modifications of case management orders detailed below.

[3] The parties' attention is directed to this provision, which may have been inadvertently overlooked for discussion during the initial case management conference.

that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

**L.      ELECTRONIC DISCOVERY:**

The parties shall discuss any anticipated electronic discovery before the initial case management conference.  Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures.  If the parties request the Court's approval of their agreement, they shall file it was a proposed agreed order with the appropriate accompanying motion.  In the absence of compliance with this provision, Administrative Order 174-1 will apply.

**M.      MISCELLANEOUS NOTICES OF FILINGS:**

The parties were cautioned that, in the future, miscellaneous notices of filings would be subject to being stricken unless the filing party could demonstrate a specific basis for the filing; that is, that the filing relates to a pending motion or other matter.

**N.      MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline must be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement of counsel confirming that the requested extension will not cause any dispositive motion deadline, including response and reply briefs, to be later than 120 days in advance of the trial date. Motions for extensions

8

must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**O.      ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The **JURY** trial of this action is expected to last **approximately 4 to 5 days**.[4]  A trial date no earlier than **June 24, 2024** is respectfully requested.  An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Chief Judge Crenshaw.

It is so ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[4] The parties were also reminded during the case management conference of their option to consent to final disposition by a Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by a Magistrate Judge.

9