IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMMY TAYLOR and JOHN TAYLOR, individually, and as next-of-kin to the deceased, STEPHEN SULLIVAN, <br><br> *Plaintiffs*, <br><br> v. <br><br> CORECIVIC OF TENNESSEE, LLC, as owner and operator of WHITEVILLE CORRECTIONAL FACILITY, FELICIA JONES, RA'KESHA SPENCER, C.J. SWAIN, DOMINIQUE BURKS, TYLER ROBINSON, COREY MOON, GREGORY JACKSON, VINCENT VANTELL, JOB JACKSON, CURTAVIOUS NEAL, JOHN PARHAM, and JANE ERVIN, <br><br> *Defendants*. | Case No. 3:22-cv-00444 <br> Chief Judge Crenshaw <br> Magistrate Judge Holmes |

**PROTECTIVE ORDER**

Pending before the Court is Defendants' motion for a protective order (Docket No. 50), which is GRANTED as follows:[1]

1. For the purposes of this Protective Order, the following definitions shall govern:

(a) "Party" shall mean a named party and its employees and agents, and "Parties"

---

[1] The Court exercises its discretion to act on the motion before the time to respond has expired. *See* Local Rule 7.01(b). Whether Plaintiffs oppose the motion is unclear. The motion states that Plaintiffs' counsel informed Defendants' counsel that Plaintiffs "do not consent to entry based on professed security concerns but do not oppose based on the prominence of the medical records involved." (Docket No. 50 at 2.) To the extent that this might be construed as opposition, Plaintiffs may avail themselves of the remedy provided for in Local Rule 7.01(b).

shall mean the named parties and their employees and agents, in the litigation.

(b) "Confidential Information," as used solely for purposes of this discovery protective order, shall mean information that is not generally known to and not readily obtainable by proper means by the general public and, if disclosed, may adversely affect: (i) the producing party's business operations because it contains information that the producing party contends is proprietary information of the party; and/or (ii) interests in individual privacy, including medical information, protected health information ("PHI"), personal or financial information such as home addresses, financial material not otherwise discoverable, and personal contact information, including current address, telephone number(s), and email address(es) of any party, any party's officials, agents, or employees, any non-party, and non-party's officials, agents, or employees, and any current or former Tennessee Department of Correction inmate. "Confidential Information" shall also include (1) those documents, information, material, or things that will lead to disclosure of operational aspects of the prison system that are otherwise unknown to inmates or the general public and (2) those documents, information, material, or things the dissemination of which could pose a safety and/or security risk.

2. Any party or non-party may designate as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" (by stamping or writing on the relevant page or otherwise set forth herein) any discovery response, document, or material which that party or non- party considers in good faith to contain information that would be considered "Confidential Information" as defined in Paragraph 1. Only discovery

responses, documents, or materials that are stamped or designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall be entitled to protection pursuant to the terms of this Order. The foregoing notwithstanding, all discovery responses, documents, and materials shall be treated as CONFIDENTIAL, whether or not so designated, for a period of fourteen (14) days following their production by a party or non-party. If a party, within fourteen (14) days of production of any discovery responses, documents, or materials not marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY," determines that such discovery responses, documents, or materials are entitled to treatment as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY," such person shall so notify all parties in writing, specifically identifying the discovery responses, documents or materials that shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY." If within fourteen (14) days of production of any discovery responses, documents, or materials not marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" no party has notified the other parties of a claim of confidential treatment with respect to such discovery responses, documents, or materials, such discovery responses, documents, or materials no longer shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY."

3. A party or non-party may designate information disclosed during a hearing or deposition or in response to written discovery as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" by so indicating in said response or on the record at the hearing or deposition. Any other party may object to such a proposal in writing or on

the record. After any designation made, the designated information shall be treated according to the designation until the matter is resolved, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

4. Information deemed "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall be used only for the purpose of this lawsuit. Any person receiving the above-described information shall keep the information separate and inaccessible and shall not reveal such material to, or discuss it with, any person not entitled to disclosure under this order.

5. Except as otherwise directed by the Court, the documents, materials, and things the parties and/or non-parties mark and/or designate "CONFIDENTIAL," and the information contained therein, shall be kept confidential, and except as noted in this Order, shall not be communicated in any manner, either directly or indirectly, to any person or entity other than:

> (a) Counsel and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees;
>
> (b) The clients of the receiving party in this litigation having a bona fide need to know or further order of the Court; but, this exception to allow disclosure to "clients" does not mean that the clients of the Parties' counsel shall be allowed to receive or be provided any personal information (such as home addresses, personal telephone numbers, personal email addresses, etc.) of the individual defendants or employees of any correctional facility;
>
> (c) Independent experts and consultants retained for the prosecution or defense of this litigation, provided that each such expert or consultant shall, before being

shown the document(s) or thing(s) in questions, execute a copy of the attached Certification (Exhibit A). The executed Certification shall be held by counsel for the party who retained the expert or consultant and made available for inspection by opposing counsel during the pendency or after the termination of the action upon good cause shown and upon order of the Court;

(d) The Court and court employees, court reporters, stenographers, and videographers;

(e) The person who is the author or addressee of such document or thing, people copied thereof, or the designated representative of any corporation or other entity with whom such person or people are employed or otherwise affiliated;

(f) Witnesses at deposition or trial; and

(g) Such other persons as hereafter may be designated by written agreement of the Parties.

6. Discovery responses, documents, and materials marked and/or designated "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall be subject to all of the provisions of this Protective Order that apply to "CONFIDENTIAL" discovery responses, documents, information, and materials, except that "CONFIDENTIAL ATTORNEY'S EYES ONLY" discovery responses, documents, and materials shall not be disclosed to any persons other than the Court in accordance with Section 8, those serving as counsel of record for the parties (including their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees), and those who are serving as consultants or experts for the parties and have executed the attached Exhibit A, unless otherwise agreed in writing or ordered by the Court.

7. Any persons receiving information marked and/or designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall not reveal to or discuss such information with any person who is not entitled to receive such information, except as set forth herein.

8. If counsel for any party believes it necessary in preparation of the case to reveal information marked and/or designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" to persons who are not otherwise entitled to see such information in accordance with this Protective Order, then counsel who wishes to disclose such Confidential Information shall first seek the prior consent of counsel for the opposing Party. If such consent is granted, then counsel wishing to use such information shall ensure that those individuals to whom Confidential Information is disclosed are first made aware of the provisions of this Protective Order and agree to be bound by its terms by executing a copy of the attached Certification (Exhibit A).

9. If any party desires that materials containing information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" be filed with the Court, the parties shall attempt to confer in advance of filing to determine if the materials containing such information can be redacted in a manner such that the redactions do not impact the purpose for which the materials containing such information are being filed with the Court. If the parties are unable to confer in advance, if the parties are unable to reach an agreement, or if the redactions would impact the purpose for which the materials containing information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" are being filed with the Court, the party filing the materials containing such information will file

them in conformance with Local Rule 5.03. If the party who filed the document did not designate the document as confidential, the opposing party shall bear the burden of supporting the request to seal by filing a response to the motion to seal within fourteen (14) days of filing, in conformance with Local Rule 5.03(b).

10. If a party (for purposes of this paragraph "the objecting party") contends that information has been improperly or unreasonably designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" by another party (for purposes of this paragraph "the opposing party"), the objecting party shall attempt to resolve the dispute with the opposing party promptly and in good faith by providing the opposing party written notice. The opposing party shall have fourteen days from the receipt of such written notice to respond unless the Court orders a shorter or longer time. If the parties cannot resolve the disagreement on their own, the objecting party may then utilize the discovery dispute resolution procedures already in effect in this case. The Court shall decide whether the information should be deemed "CONFIDENTIAL." Until such time as the Court describes otherwise, the disputed information shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" as the case may be. If any party designates a document or material as "CONFIDENTIAL" or as "CONFIDENTIAL ATTORNEY'S EYES ONLY" and the confidentiality designation of that document or material successfully is challenged by another party, the Court may award reasonable attorneys' fees incurred for preparing and litigating the motion concerning the designation in the event that the Court determines that the designation was made in bad faith or could not reasonably have been deemed confidential in the exercise of reasonable diligence by the non-prevailing party. If the confidentiality

designation of that document or material is unsuccessfully challenged, the Court may award attorneys' fees incurred by the designating party for litigating and responding to the motion challenging the designation in the event that the Court determines that the motion challenging the designation was filed in bad faith or was not filed based upon reasonable grounds.

11. If through inadvertence, error, or oversight, a party or non-party fails to properly designate a document, tangible thing, deposition testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" at the time of production or disclosure, it shall promptly notify the receiving party of such error or oversight as soon as the error or oversight is discovered. The party or non-party shall specify in that notice the particular document(s), tangible thing(s) or information to be reclassified "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY." Thereafter, the parties shall treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally and any persons who received such Confidential Information prior to that time shall be notified thereof.

12. All provisions of this Order restricting the communication or use of discovery responses, documents, information, or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Within sixty (60) days after the conclusion of the litigation, a party in the possession of discovery responses, documents, or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY," other than that which is contained in pleadings and

hearing or deposition transcripts that have been filed before the Court, shall destroy such discovery responses, documents, or materials. If the discovery responses, documents, or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" include an original document or material, instead of a copy, the party destroying the document or material must give the party that produced the document or material at least fourteen (14) days' notice so that it may request return of the document or material.

13. By making information and documents designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" available for use in this action, no party or non-party has waived or compromised the confidentiality, protectability, trade secret status, or privilege of the information or documents.

14. Nothing herein shall be deemed to waive any applicable privilege or work product protection or to affect the ability of a party or non-party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

15. Subject to the requirements of and admissibility pursuant to the FEDERAL RULES OF EVIDENCE, the Confidential Information subject to this protective order may be offered in evidence at trial or any hearing in open court, provided that the proponent of the evidence gives notice to opposing counsel. Opposing counsel may move the Court for an order that the evidence be received under conditions to prevent its disclosure to persons not entitled under this Order to have access to it.

16. The disclosure of the herein described Confidential Information, including any video footage, is not a stipulation as to the admissibility of the information at trial.

17. The provisions and purposes of this Order are limited to production of information in discovery. Nothing in this Order, including any party's designation of documents, materials, or information as "Confidential Information," shall be construed as a determination by the Court or binding on the Court for any other purposes, including whether to restrict public access to such information if offered as part of the record or for other use in this case.

18. The Court shall retain jurisdiction of this cause after termination as appropriate to enforce the provisions of this Consent Protective Order.

19. This Protective Order may be modified or amended by further stipulation between the parties and/or order of the Court for good caused shown.

20. The provision of this Protective Order shall go into effect upon its entry.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

**EXHIBIT A**

CERTIFICATION

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the case captioned, *Tammy Taylor and John Taylor, individually and as next-of-kin to the deceased, Stephen Sullivan v. CoreCivic of Tennessee et al.*, Case No. 3:22-cv-00444, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Tennessee or any other tribunal with jurisdiction in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

This the _____ day of _____, 20___.


_____
Signature