IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMMY TAYLOR and JOHN TAYLOR, individually, and as next-of-kin to the deceased, STEPHEN SULLIVAN,<br><br>*Plaintiffs*,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, as owner and operator of WHITEVILLE CORRECTIONAL FACILITY, FELICIA JONES, RA'KESHA SPENCER, C.J. SWAIN, DOMINIQUE BURKS, TYLER ROBINSON, COREY MOON, GREGORY JACKSON, VINCENT VANTELL, JOB JACKSON, CURTAVIOUS NEAL, JOHN PARHAM, and JANE ERVIN,<br><br>*Defendants*. | Case No. 3:22-cv-00444<br><br>Jury Demanded |

**AGREED ORDER FOR THE RELEASE AND
PROTECTION OF MEDICAL RECORDS**

The parties have moved for an Order allowing for the release and protection of the decedent

Stephen Sullivan's medical records. (Docket No. 53.) The Health Insurance Portability and

Accountability Act ("HIPAA"), specifically states that, "A covered entity may disclose protected

health information in the course of any judicial or administrative proceeding: (I) in response to an

order of a court or administrative tribunal, provided that the covered entity discloses only the

protected health information expressly authorized by such order"; 45 C.F.R. §§ 164.512. Because

it has been determined that disclosure is necessary for the conduct of proceedings before this Court

and that failure to make the disclosure would be detrimental to a party to these proceedings; and for other good cause shown,

It is hereby ORDERED, ADJUDGED AND DECREED that the law firm of **Pentecost, Glenn, & Tilly PLLC**, and the law firm of **Horwitz Law, PLLC** shall be allowed by written request only to inspect and obtain certified copies of all medical records, medical reports, medical charts, x-ray films, tissue slides or other laboratory specimens, diagnostic studies, pharmacy/prescription records, mental health records (including records created by any and all psychiatrists, psychologists, social workers and any other mental health professional of any kind or nature), other documents or writings, including but not limited to, protected health information, as that term is defined in 45 C.F.R. Part 160 and Part 164 (HIPAA Privacy Rule) and/or Tenn. Code Ann. § 33-3-103 (collectively, the "Medical Information"), related to the care and treatment of **Stephen Sullivan at any time from June 17, 2011, to the present.** This includes medical records as they pertain to drug and alcohol and HIV/AIDS treatment.

A party making a request under this Order must provide copies of any records obtained pursuant to this Order to opposing counsel at no charge within seven days of receipt.

The information obtained through use of this Order may only be used or disclosed for the purposes of this litigation or proceeding. Except with the prior written consent of the Plaintiffs, the information produced pursuant to this Order shall not be disclosed to any person other than (a) counsel for the parties, (b) employees or agents of counsel for the parties, (c) plaintiffs and any current manager or claims representative of defendants, to the extent deemed necessary by counsel for the prosecution or defense of this litigation (Defendants shall seek leave of court if it needs someone other than a current manager or claims representative of Defendants to review the records), (d) experts and consultants retained for the prosecution or defense of this litigation, (e)

any authors or recipients (in the ordinary course of the health care provider's business) of the Medical Information, or (f) the Court, court personnel, court reporters, and witnesses at trial.

The portion of this Order permitting release of records shall expire upon final disposition of this case, and the law firm of **Pentecost, Glenn & Tilly, PLLC**, and/or the law firm of **Horwitz Law, PLLC** shall be prohibited from using the Order thereafter. All information obtained pursuant to this Order and all copies thereof will be destroyed or safely archived within a reasonable time period after the conclusion of this litigation or proceeding, whether by trial, appeal, settlement, or other final conclusion.

This Order shall be binding on the parties to this litigation, their attorneys, and the employees, consultants and other persons employed or retained by the parties or their attorneys.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge