UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMMY TAYLOR and JOHN TAYLOR, individually, and as next-of-kin to the deceased, STEPHEN SULLIVAN, | ) ) ) ) |
| Plaintiffs, | ) NO. 3:22-cv-00444 ) |
| v. | ) ) |
| CORECIVIC OF TENNESSEE, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

This action under 42 U.S.C. § 1983, arises from the death of Stephen Sullivan while incarcerated at Whiteville Correctional Facility ("WCF"). Before the Court is Defendants' Motion to Transfer Venue (Doc. No. 26) to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a), to which Plaintiffs have responded in opposition, (Doc. No. 34), and Defendants have replied. (Doc. No. 36). For the following reasons, the motion will be denied.

**I.    BACKGROUND[1]**

Tammy and John Taylor are residents of Trousdale County, Tennessee and are the parents of the decedent, Stephen Sullivan. (Doc. No. 1 ¶ 9). Stephen died on June 17, 2021 at WCF, a private prison that is owned and operated by CoreCivic of Tennessee, LLC ("CoreCivic"). (Id. ¶¶ 10). CoreCivic is headquartered in Williamson County, Tennessee. (Id.). WCF is in Hardeman County, Tennessee, and Stephen was incarcerated there at all times relevant to this motion. (See id. ¶ 28; Doc. No. 27 at 2).

---

[1] The facts are drawn from the Complaint (Doc. No. 1) and are accepted as true for purposes of the pending motion. Plotkin v. IP Axess, Inc., 168 F. Supp. 2d 899, 900 (N.D. Ill. 2001). .

Between June 16, 2021 and June 17, 2021, Stephen suffered from multiple health issues, including blood clotting, calf bruising, head trauma, and three separate seizure episodes. (Doc. No. 1 ¶¶ 1–4, 29–32, 40–41, 55, 57–60, 73, 102). Previously, he submitted requests for medical attention that went unanswered. (Id. ¶¶ 2, 29–32). He had also been cut off from his anti-seizure medication days before suffering the seizures prior to his death. (Id. ¶¶ 1, 33–34, 121–123). The first two seizures occurred on June 16, 2021, and he received no medical assistance from anyone employed at WCF. (Id. ¶¶ 32, 35, 39–42, 46, 48, 53–55). When he had a third seizure the morning of June 17, 2021, Stephen was provided medical care. (Id. ¶¶ 57–61, 65). Nevertheless, he became unresponsive with no pulse or respirations. (Id. ¶ 84). He was transported to Bolivar General Hospital, where he was pronounced dead. (Id. ¶¶ 85–86).

Plaintiffs also bring claims against eleven co-defendants who are current or former employees of WCF that treated Stephen. (Id. ¶¶ 11−22; Doc. No. 27–1 ¶¶ 4–14). None of them are believed to reside within 100 miles of Nashville, Tennessee.[2] (Doc. No. 27–1 ¶¶ 4–14).

## II. LEGAL STANDARD

Defendants seek transfer of this action pursuant to 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). This statutory language is wholly permissive, evidencing "Congress['] inten[tion] to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." Kerobo v. Sw. Clean Fuels Corp., 285 F.3d 531, 537 (6th Cir. 2002). "The onus of showing that a plaintiff's choice of forum is unnecessarily

---

[2] Corey Moon may live within this district in Wayne County, Tennessee, which is in the Middle District of Tennessee. (Doc. No. 27–1 ¶ 13). C.J. Swain's residence has not been identified. (see id. ¶ 10).

burdensome falls on the defendant," and it is a substantial one. Heffernan v. Ethicon Endo-Surgery Inc., 828 F.3d 488, 498 (6th Cir. 2016); Smith v. Kyphon, Inc., 578 F. Supp. 2d 954, 958 (M.D. Tenn. 2008). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009) (quoting Dowling v. Richardson-Merrell, Inc., 727 F.2d 608, 612 (6th Cir. 1984)). A defendant must therefore make a clear and convincing showing that the balance of convenience strongly favors an alternate forum. See Doe v. United States, No. 3:16-cv-0856, 2017 WL 4864850, at *2 (M.D. Tenn. Oct. 26, 2017) (citing Flores v. United States, 142 F. Supp. 3d 279, 287 (E.D.N.Y. 2015)).

In deciding a motion to transfer, the Court balances case-specific factors, including the private interests of the parties and public-interest concerns, which come under the rubric of "interests of justice." Reese, 574 F.3d at 320; Moore v. Rohm & Haas Co., 446 F.3d 643, 647 n.1 (6th Cir. 2006) (citation omitted). Private interests include: (1) the location of willing and unwilling witnesses; (2) the residence of the parties; (3) the location of evidence; (4) the location of the events that gave rise to the dispute; (5) systemic integrity and fairness; and (6) the plaintiff's choice of forum. Stewart v. Am. Eagle Airlines, Inc., No. 3-10-00494, 2010 WL 4537039, at *2 (M.D. Tenn. Nov. 3, 2010); Smith, 578 F. Supp. 2d at 962. Public interests include the enforceability of the judgment, practical considerations affecting trial management, docket congestion, local interest in deciding local controversies at home, public policies of the fora, the parties' relative bargaining power, and considerations of fairness. Smith, 578 F. Supp. 2d at 958, 962. "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645 (1964). Thus, merely shifting the inconvenience from one party to the other is inappropriate and will not

3

support transfer to another district. Sacklow v. Saks Inc., 377 F. Supp. 3d 870, 877 (M.D. Tenn. 2019).

III. ANALYSIS

Defendants contend Plaintiffs' choice of the Middle District of Tennessee is entitled to little deference because: (i) all relevant events occurred in the Western District of Tennessee (Doc. No. 27 at 3–4); (ii) most, if not all, of the witnesses and evidence is in the Western District of Tennessee (Doc. No. 27 at 3–7; Doc. No. 36 at 2–4); and (iii) the efficiency and costs associated with trying this case will be improved in the Western District of Tennessee. (Doc. No. 27 at 7–8; Doc. No. 36 at 4). Plaintiffs disagree because the convenience of witnesses, evidence, and the parties all favor the Middle District of Tennessee, which is the headquarters of Defendant CoreCivic. (Doc. No. 34 at 6–14). Neither party argues that this case could not have originally been brought in the Western District of Tennessee, which is a prerequisite for transfer under § 1404(a). Transfer will therefore hinge on whether Defendants have shown the balance of considerations to *strongly* favor litigation in the Western District of Tennessee over this Court. See Reese, 574 F.3d at 320. Defendants have not made a clear and convincing showing that the balance of convenience strongly favors the Western District, so this case will remain in the Middle District of Tennessee.

    a. Convenience of Witnesses

"The convenience of witnesses, especially non-party witnesses, is perhaps the most important factor in the transfer analysis." Van Cleave v. Univ. of S., 607 F. Supp. 3d 783, 789 (M.D. Tenn. 2022) (quoting Sacklow, 377 F. Supp. 3d at 878). "[T]he party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover." Smith, 578 F. Supp. 2d at 963 (citing C. Wright, A. Miller & E.

4

Cooper, Federal Practice and Procedure § 3851 at 425); see, e.g., Doe v. Andrews, No. 3:15-CV-1127, 2016 WL 54923, at *4 (M.D. Tenn. Jan. 5, 2016); B.E. Tech., LLC v. Google Inc., No. 2:12-CV-02830-JPM, 2013 WL 2297086, at *8 (W.D. Tenn. May 24, 2013). Defendants argue that key witnesses reside in the Western District, (Doc. No. 27 at 4–7), while Plaintiffs argue they reside in the Middle District. (Doc. No. 34 at 8–11). But aside from Christopher Covington, Stephen's former cellmate who is currently housed at WCF, and has knowledge of Stephen's health conditions (See Doc. No. 27 at 3–4), neither party has made specific reference to any other non-party witness. There is no persuasive reason that Christopher Covington's testimony cannot be presented at trial. Not only has he shown to be cooperative up to this point, (see Doc. Nos. 1–2, 1–3 and 1–4), but the Court has the authority to require his presence at trial if necessary.

Defendants suggestion that compelling reluctant witnesses outside of the Middle District of Tennessee may be expensive or inconvenient to them is entirely speculative. Again, Defendants have failed to identify any particular reluctant witnesses, and even concede that "it is too early to determine if there will be non-party witnesses reluctant to testify . . . ." (Doc. No. 27 at 6). Duha v. Agrium, Inc., 448 F.3d 867, 877 (6th Cir. 2006) ("[A]lthough the availability of compulsory process is properly considered when witnesses are unwilling, it is less weighty when it has not been alleged or shown that any witness would be unwilling to testify."). This factor is neutral.

b. Convenience of the Parties

Plaintiffs and Defendants CoreCivic and Corey Moon live in the Middle District of Tennessee. Standing alone, any suggestion that they would be inconvenienced in this district is not well taken.

Defendants' argument of inconvenience to other individually named co-defendants based upon their residence within the Western District, is misplaced. (Doc. No. 27 at 4). Six of these

5

co-defendants are still employed with CoreCivic, so they are entitled to less deference on the issue of convenience. See Anderson v. TOL, Inc., 927 F. Supp. 2d 475, 484 (M.D. Tenn. 2013) (quoting Smith, 578 F. Supp. 2d at 963) ("a party's employees' 'convenience is of lesser relevance,' because they 'can be compelled to testify on behalf of their employer.'")  The convenience of the four Defendants who are no longer employed by CoreCivic cannot outweigh that of the Plaintiffs. Allowing transfer would merely shift inconvenience to Plaintiffs, who would have to travel just as far (nearly 200 miles), to litigate within the Western District. Doe, 2017 WL 4864850, at *2 (citing Alvarado v. United States, Civil Action No. 16-5028, 2017 WL 2303758 at *6 (D.N.J. May 25, 2017)). This factor weighs against transfer.

    c. Locus of Operative Facts

This factor slightly favors a transfer. Oakley v. Remy Int'l, Inc., No. 2:09-0107, 2010 WL 503125, at *5 (M.D. Tenn. Feb. 5, 2010) ("A fundamental principle guiding the Court's analysis of a motion to transfer is that litigation should proceed in that place where the case finds its center of gravity.") (citation omitted). Plaintiffs argue that CoreCivic's challenged policies and practices were created within this district, thus the events or omissions giving rise to their claims reside here. (Doc. No. 34 at 2, 9). But any fair reading of the Complaint leads to the conclusion, that the heart and soul of Plaintiffs' allegations lies in the Western District, where Stephen's medical treatment, or lack thereof, while he was incarcerated at WCF in the Western District occurred. This factor favors transfer.

    d. Weight Accorded to Plaintiffs' Selection of Forum

A "plaintiff's choice of forum is usually entitled to 'substantial consideration' in balancing the § 1404(a) factors." Smith, 578 F. Supp. 2d at 962. This is especially true when plaintiffs reside

within their chosen forum.³  Id.; Floyd v. Swift Transp. Corp., No. 3:06-CV-69, 2006 WL 2548337, at *3 (E.D. Tenn. Aug. 31, 2006) (citing Thomas v. Home Depot, U.S.A., Inc., 131 F. Supp. 2d 934, 937 (E.D.Mich.2001)); see Gross v. Brit. Broad. Corp., 386 F.3d 224, 226–27 (2d Cir. 2004) ("[W]hen the plaintiff is a U.S. citizen and she selects her home forum, that choice is ordinarily entitled to substantial deference from the courts, especially when there is no challenge regarding the legitimacy of the plaintiff's motives for choosing her home forum."). Although Plaintiffs' choice of venue may be entitled to less deference where "the site of the events from which the claim arises" occurred elsewhere, Tennessee v. Gibbons, 2017 WL 4535947 at *3 (citation omitted), this alone does not override other transfer factors. See Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 46 (2d Cir. 1996) ("[T]he court starts with a presumption in favor of the plaintiff's choice of forum, especially if the defendant resides in the chosen forum."). This factor weighs against transfer.

     e.  Access to Evidence

Defendants argue access to evidence favors transfer to the Western District because "prison logs, shift rosters, incident reports, witness statements, policies and procedures, personnel files, training records, and other relevant documentation is all held at WCF." (Doc. No. 27 at 5–6). Plaintiffs argue, without specificity, that evidence related to damages are within this district. (Doc. No. 34 at 11). Neither argument is relevant here. Modern technology has made accessing documents from afar a relative non-issue. Doe, 2017 WL 4864850 at *3. This factor is neutral.

---

³ Defendants' motion relies heavily on Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc., No. 3:20-CV-00457, 2020 WL 4368283 (M.D. Tenn. July 30, 2020). However, Teamsters is inapposite as its plaintiff was not a resident of its chosen forum. Id. at *2–3.

7

f. <u>Interests of Justice</u>

In addition to the private interests of the parties, the Court must also consider "public-interest factors of systemic integrity and fairness that . . . come under the heading of 'the interest of justice[,]'" <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 30 (1988), which relate to the efficient administration of the court system, <u>Coffey v. Van Dorn Iron Works</u>, 796 F.2d 217, 220-21 (7th Cir. 1986) (collecting cases), and "individualized, case-by-case consideration[s]," such as the "parties' relative bargaining power." <u>Stewart Org., Inc.</u>, 487 U.S. at 29.

Defendants concede as they must that both districts "are equally capable of presiding over this case" and that "there are no currently known issues that would hinder either this Court or the Western District from timely and efficiently hearing the case." (Doc. 27 at 8). Clearly, this is no "strong" basis for transfer.

The relative bargaining power between parties does not support transfer. Despite Plaintiffs' inaccurate insinuation that CoreCivic is required to act as a blank check for its co-defendants' litigation costs, (<u>see</u> Doc. No. 34 at 10–11), Plaintiffs are of lesser comparative means than CoreCivic. (<u>Id.</u> at 11). CoreCivic is in a significantly better position to afford the cost of litigation here, where it resides, than are Plaintiffs in the Western District, where they do not. To force Plaintiffs to expend additional resources to litigate within the Western District, as the party with lesser bargaining power, would run counter to any objective "interest of justice." Even more so when Defendants admit there are no issues with this Court "efficiently hearing the case." (Doc. 27 at 7). This weighs against transfer.

Simply put, the cumulative balance of § 1404(a) factors fails to present a strong basis to transfer this action from Plaintiffs' chosen forum. For these reasons, Defendants' Motion to Transfer Venue (Doc. No. 26) will be denied.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE